EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JOSÉ MORALES VÁZQUEZ, demandado y peticionario.

*Número*: CE-91-568 *Resuelto*: 28 de octubre de 1991

382

*Roberto Roldán Burgos*, abogado del peticionario; *Anabelle Rodríguez, Subprocuradora General*, abogada de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Contra el peticionario José Morales Vázquez se determinó, en su ausencia, causa probable para arresto por tres supuestas infracciones a la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. sec. 2101 *et seq.*), por hechos alegadamente cometidos el día 17 de junio de 1991. El juez instructor le fijó una fianza "combinada" ascendente a la suma de $160,000. Morales Vázquez fue arrestado el día 22 de agosto de 1991. Fue conducido ante un magistrado. Al no poder prestar la

fianza antes mencionada, la cual permaneció inalterada, fue ingresado en una institución penal.

Al otro día, esto es, el 23 de agosto del corriente año, Morales Vázquez radicó ante el Tribunal Superior de Puerto Rico, Sala de San Juan, una moción de rebaja de fianza. En apoyo de la misma se alegó, en síntesis y en lo pertinente, que:

(i) el acusado no tiene recursos económicos para prestar la fianza impuesta;

(ii) el acusado tiene 37 años de edad y vive desde hace dos años en Santurce, en compañía de la Sra. Ivette Álvarez y sus hijos;

(iii) el acusado no tiene familiares fuera de Puerto Rico, y;

(iv) el acusado no tiene pasaporte ni acostumbra viajar fuera de Puerto Rico.

La vista relativa a la moción radicada se llevó a efecto el día 27 de agosto de 1991. La única prueba que desfiló ante el tribunal de instancia consistió del testimonio oral de la Sra. Ivette Álvarez, "esposa consensual" del peticionario Morales Vázquez. En adición a lo antes mencionado y enumerado, del testimonio de la referida testigo surgió: que a pesar de que el peticionario y ésta residen con unos menores de edad en la Urbanización Monteflores de Santurce, P.R.,(1) el peticionario recibe su correspondencia en la Barriada La Perla del Viejo San Juan; que fue convicto anteriormente de delito grave, por lo cual cumplió tres años de presidio; que éste siempre ha comparecido a todos los señalamientos judiciales de que ha sido objeto en su vida, y que la familia del peticionario sólo ha podido levantar la suma de $5,000 en efectivo con el propósito de prestar una fianza. Finalmente, resulta procedente señalar que el tribunal de instancia fue informado durante la vista cele-

---

(1) El "núcleo familiar" alegadamente lo componen: la señora Álvarez, dos hijos varones de ella de un matrimonio anterior, el peticionario y un hijo de éste de siete años de edad.

brada que Morales Vázquez sufre del Síndrome de Inmu-nodeficiencia Adquirida (S.I.D.A.).

El Ministerio Público no presentó prueba alguna; tampoco manifestó oposición formal a la solicitud de rebaja de fianza. El tribunal de instancia, mediante resolución emitida en corte abierta, declaró *sin* lugar la moción de rebaja de fianza radicada. Inconforme, acudió José Morales Vázquez —vía *certiorari*— ante este Tribunal imputándole al foro de instancia haber errado:

> ... al Declarar SIN LUGAR la Moción de Rebaja de Fianza A pesar de que la Aplicación de los Criterios de la Regla 218 de Procedimiento Criminal Favorecían la Reducción Solicitada. Petición de *certiorari*, pág. 4.

Mediante Resolución de fecha 11 de octubre de 1991, le concedimos término al Procurador General de Puerto Rico para:

> ... mostrar causa por la cual este Tribunal no deba expedir el auto solicitado y dictar Sentencia revocatoria de la resolución recurrida, devolviendo el asunto al foro de instancia *con instrucciones de que considere la alternativa de que el Peticionario pueda obtener libertad bajo fianza mediante la prestación, en efectivo, de determinado por ciento de la fianza originalmente fijada de $160,000.00.* (Énfasis suplido.)

El Procurador General, en cumplimiento de la antes mencionada orden de mostrar causa, ha comparecido; su argumentación, realmente, se reduce a señalar que la

> ... resolución recurrida *es compatible con los criterios establecidos en la Regla 218(b) en relación con el propósito de la fianza y los criterios para la fijación de su monto o cuantía. Tampoco hubo desvío de lo dispuesto en el apartado (d) (1) en relación con el procedimiento para la revisión de la fianza.* No hubo abuso alguno de discreción por parte del juez de instancia; por el contrario, lo que hubo fue ejercicio de sana discreción. No hay error manifiesto ni indicio alguno de parcialidad que justifique la intervención de este honorable tribunal con tal ejercicio de discreción. Procede la denegatoria del auto de certiorari. *A lo sumo, procedería que se ordenara celebrar una nueva vista de*

386

*rebaja de fianza, pero no que este honorable tribunal revise la fianza.* (Énfasis suplido.)(²) Escrito para mostrar causa, pág. 6.

Como podemos notar, el Procurador en su comparecencia no expresa posición alguna respecto a la facultad jurídica de un tribunal en nuestra jurisdicción para autorizar la excarcelación de un imputado de delito mediante la prestación en efectivo por éste de un por ciento determinado de la fianza originalmente fijada. Ello no obstante, y estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

La cláusula constitucional que garantiza el derecho a fianza ha sido objeto de amplios debates durante los últimos años en Puerto Rico. Hoy es nuestra encomienda disipar parcialmente algunas de las lagunas existentes relativas a las disposiciones reglamentarias que habilitan este derecho constitucional.

El fundamental derecho a la fianza tiene su base en la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, la cual dispone que todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio y que las fianzas impuestas no serán excesivas. Las Reglas 6.1 y 218–228 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, trazan detalladamente la forma en que se impondrá y aceptará la fianza en los tribunales de Puerto Rico.

Con el expresado propósito de "establecer un balance adecuado entre el interés del estado en procesar a los delincuentes y el derecho del ciudadano en obtener su li-

---

(²) Se refiere el Procurador General, en cuanto a este último aspecto, a la alegación, a nivel apelativo, de que el peticionario se encuentra ya en una etapa avanzada del Síndrome de Inmunodeficiencia Adquirida (S.I.D.A.).

bertad provisional antes del juicio",(³) la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 39 de 5 de junio de 1986, la cual *enmendó significativamente* las Reglas 6.1 y 218 de Procedimiento Criminal, ante. Posteriormente, la Legislatura *enmendó nuevamente* la citada Regla 6.1 al aprobar la Ley Núm. 30 de 20 de julio de 1989. Dichas disposiciones reglamentarias constituyen el "eje central" alrededor del cual gravita el poder o facultad de los tribunales de instancia para fijar, aceptar *y revisar* la prestación de fianzas en casos criminales en el descargo del mandato contenido en la antes mencionada Sec. 11 del Art. II de nuestra Constitución.

Las enmiendas efectuadas a las citadas Reglas 6.1 y 218 de Procedimiento Criminal, básicamente se circunscribieron al "establecimiento de condiciones *no* monetarias a ser impuestas por el tribunal de acuerdo a las circunstancias particulares de cada caso" (énfasis suplido) y concediéndole facultad "al magistrado ante quien es conducido el imputado luego de que otro magistrado hubiere dictado orden de arresto o citación, a imponer condiciones o admitir fianza con o sin condiciones."(⁴) En adición, y mediante la citada Ley Núm. 30 de 1989, el legislador enumeró una serie de delitos menos graves en los cuales el tribunal deberá exigir fianza. Las citadas Reglas 6.1 y 218 de Procedimiento Criminal, *luego de las enmiendas sufridas en el 1986 y 1989*, establecen, *en lo pertinente*, lo siguiente:(⁵)

---

(³) Véase Informe de la Comisión de lo Jurídico del Senado de Puerto Rico de fecha 4 de abril de 1986 sobre el Proyecto del Senado Núm. 734, el cual se convirtió en la citada Ley Núm. 39 de 5 de junio de 1986, pág. 2.

(⁴) Véase Informe de la Comisión de lo Jurídico del Senado sobre Proyecto Núm. 734, ante, págs. 2 y 3.

(⁵) A los fines de una mejor comprensión, *subrayamos las enmiendas* sufridas por las citadas disposiciones reglamentarias en los años de 1986 y 1989 con motivo de la aprobación de la referida Ley Núm. 39 de 5 de junio de 1986 y de la Ley Núm. 30 de 20 de julio de 1989 (34 L.P.R.A. Ap. II, R. 6.1 y R. 218).

## REGLA 6.1. FIANZA HASTA QUE SE DICTE SENTEN-CIA; CUANDO SE EXIGIRA

Las personas arrestadas por delito no serán restringidas innecesariamente de su libertad antes de mediar fallo condenatorio.

(a) *En casos menos graves.* En todo caso menos grave, *a excepción de los delitos de homicidio involuntario, agresión agravada en su modalidad de menos grave, restricción de libertad, amenazas, perversión de menores, que más adelante se dispone,* no será necesaria la prestación de fianza para permanecer en libertad provisional hasta que se dicte sentencia *a menos que el fiscal así lo solicite tomando en consideración los criterios que establece la Regla 218(b) y el magistrado acceda a lo solicitado y proceda a fijar la fianza. En todo caso en que motu proprio, o a solicitud del Ministerio Fiscal, el magistrado determine que existen circunstancias de orden o interés público podrá, además, imponer condiciones de conformidad a la Regla 218(c). Si no hay solicitud por parte del Ministerio Público el juez no podrá motu proprio imponer la fianza en caso alguno de delito menos grave.*

*El fiscal solicitará la prestación de una fianza o la imposición de condiciones de conformidad con la Regla 218 en todo caso en que la persona arrestada haya sido convicta anteriormente por cualquier delito grave, o en tres (3) delitos menos graves.*

(b) *En casos graves o menos graves en que hubiere derecho a juicio por jurado.* En todo caso grave *o menos grave en que hubiere derecho a juicio por jurado* el magistrado *exigirá* la prestación de fianza al acusado para permanecer en libertad provisional hasta que se dicte sentencia. *El tribunal podrá imponer motu proprio, o a solicitud del Ministerio Fiscal, condiciones de conformidad a la Regla 218(c).* ... [Énfasis suplido en cuanto a las enmiendas provenientes de las Leyes Núm. 39 de 1986 y Núm. 30 de 1989, ante.]

. . . . . . . .

## REGLA 218. FIANZA Y CONDICIONES, CUANDO SE REQUIERAN; CRITERIOS DE FIJACIÓN; REVISION DE CUANTIA, O CONDICIONES; EN GENERAL

*(a) Derecho a fianza; quién la admitirá; imposición de condiciones.* Toda persona arrestada por cualquier delito tendrá derecho a quedar en libertad bajo fianza *o bajo las condiciones impuestas de conformidad con el inciso (c) de esta regla,* hasta tanto fuere convicta. La fianza, cuando se requiera, podrá ser

admitida por cualquier magistrado, *quien podrá imponer condiciones en lugar de, o en adición a aquélla.*

*(b) Fijación de la cuantía de la fianza.* En ningún caso se exigirá una fianza excesiva. Para la fijación de la cuantía de la fianza se tomarán en consideración las circunstancias relacionadas con la adecuada garantía de la comparecencia del imputado, incluyendo:

(1) La naturaleza y circunstancias del delito imputado;

(2) los nexos del imputado en la comunidad, entre ellos, su tiempo de residencia, su historial de empleo y sus relaciones familiares;

(3) el carácter y condición mental del imputado;

(4) los recursos económicos del imputado;

(5) el historial del imputado sobre previas comparecencias y cumplimiento de órdenes judiciales.

(c) *Imposición de condiciones. Sujeto a lo dispuesto en la Regla 6.1(a), (b) y (c) podrán imponerse una o más de las siguientes condiciones*:

. . . . . . . .

Las condiciones impuestas de conformidad a esta regla no podrán ser tan onerosas que su observancia implique una detención parcial del acusado.

*(d) Revisión de las condiciones o de la fianza.*

(1) *Antes de la convicción*: Una parte puede solicitar la revisión *de las condiciones* o de la fianza señaladas mediante moción, únicamente ante la Sala del Tribunal Superior correspondiente al distrito judicial con competencia para conocer de la causa. Si la moción fuere solicitando la ampliación de las condiciones o el aumento de la fianza, el magistrado que hubiere de entender en la misma señalará condiciones encaminadas a garantizar la comparecencia del imputado, incluyendo la citación para notificarle la resolución del tribunal sobre la moción de revisión de las condiciones o de la fianza. Una moción para ampliar o limitar las condiciones o para aumentar o reducir la fianza se resolverá dentro de las veinticuatro (24) horas siguientes a su presentación, previa audiencia al fiscal y a la persona imputada, si tuvieren a bien comparecer después de haber sido citados. ... (Énfasis suplido en cuanto a las enmiendas de la Ley Núm. 39 de 1986, ante.)

▬▬ En lo pertinente a la cuestión ante nuestra consideración, la correcta comprensión de las disposiciones de las antes citadas Reglas 6.1 y 218 de Procedimiento Criminal requiere que mantengamos bien presente el hecho de

que dichas disposiciones reglamentarias contemplan en lo referente *a la posterior revisión o modificación* de la fianza monetaria y condiciones originalmente impuestas,[6] *dos situaciones distintas* dependiendo del hecho de si el imputado de delito *estuvo o no presente* en el acto de determinación de causa probable para arresto.

■ *En la situación en que se determina causa proba-ble para arresto en ausencia del imputado de delito* —independientemente de que se trate de un delito menos grave en que se requiere la prestación de fianza, o un delito gra-ve— *existen dos etapas distintas en que la fianza moneta-ria, y las condiciones no monetarias, originalmente impues-tas al amparo de los incisos (a) y (b) de la Regla 6.1 de Procedimiento Criminal,* ante, *pueden de hecho ser revisa-das o modificadas.*

*La primera de esas etapas la contempla el inciso (a) de la Regla 218 de Procedimiento Criminal,* ante. La misma se da en ocasión en que la persona contra quien se expidió

---

[6] De una lectura de la Regla 6.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, se desprende que la misma establece un tratamiento diferente dependiendo de si nos enfrentamos a un delito menos grave "simple" o a un delito grave o uno menos grave en que se exige la prestación de fianza.

En la primera de las situaciones, esto es, en el caso de delito menos grave "simple", a la luz de lo dispuesto por la Regla 6.1(a) de Procedimiento Criminal, el magistrado que determina causa probable para arresto no podrá imponer motu pro-prio fianza monetaria alguna. Sin embargo, a solicitud del fiscal, éste podrá

(1) fijar una fianza monetaria únicamente;

(2) fijar fianza monetaria y, motu proprio o a solicitud del fiscal, una o varias, de las condiciones *no* monetarias prescritas en la Regla 218(c) de Procedimiento Crimi-nal, 34 L.P.R.A. Ap. II;

(3) fijar, motu proprio o a solicitud del fiscal, únicamente una, o varias, de las mencionadas condiciones no monetarias, y

(4) *no* imponer fianza monetaria *ni* condición alguna al rechazar, a su discre-ción, la solicitud del fiscal.

En el caso de delito grave, o, menos grave en que se exige la prestación de fianza, la Regla 6.1(*b*) *exige* del magistrado que determine causa probable para arresto que éste requiera *siempre* una fianza monetaria. En consecuencia, son úni-camente dos las alternativas que tiene el magistrado en esta clase de situaciones:

(1) fijación de una fianza monetaria, y

(2) la fijación de fianza monetaria y, motu proprio o a solicitud del fiscal, una, o varias, de las condiciones *no* monetarias establecidas en la Regla 218(c) de Procedi-miento Criminal, 34 L.P.R.A. Ap. II.

la orden de arresto es efectivamente arrestada. Como sabemos, dicha persona tiene que ser llevada, sin dilación alguna, ante la presencia de un magistrado.[7] En esa etapa, dicho magistrado tiene, *por mandato expreso de la citada Regla 218(a)*, facultad para "imponer condiciones en lugar de, o en adición" a la fianza originalmente impuesta por el juez que determinó causa probable para arresto. *La razón o fundamento para ello es sumamente sencilla.* Al determinarse causa probable para arresto *en ausencia* del imputado, el magistrado que así lo hace no cuenta, de ordinario, con el beneficio de información sobre quien realmente es ese imputado de delito. El legislador obviamente entendió —como surge del Informe de la Comisión de lo Jurídico del Senado respecto a la citada Ley Núm. 39 de 1986— que al ser posteriormente arrestada esa persona y ser la misma llevada ante un magistrado, éste puede advenir en conocimiento de hechos y circunstancias relativas a la persona del imputado que lo sitúan en una posición más favorable para determinar qué fianza monetaria, o condiciones, resultan ser verdaderamente procedentes en derecho. Por ello le concedió a ese magistrado, en esa etapa de los procedimientos, la facultad para "imponer condiciones en lugar de, o en adición" a la fianza originalmente impuesta. Regla 218(a) de Procedimiento Criminal, ante.

▬▬▬ *La segunda etapa en que la fianza originalmente impuesta puede ser revisada o modificada en esta clase de situación la contempla el inciso (d)(1) de la Regla 218.* La misma se da luego de que el imputado de delito es efectivamente encarcelado al no poder prestar la fianza original o la fianza "revisada" impuesta por el magistrado ante quien fue conducido luego de ser arrestado. Esto es, luego de haber sido encarcelado, dicho imputado de delito exclusivamente puede solicitar la revisión de la fianza im-

---

[7] Regla 22(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

puesta "mediante moción, *únicamente ante la Sala del Tribunal Superior* correspondiente al distrito judicial *con competencia* para conocer de la causa" criminal radicada en su contra. (Énfasis suplido.)[8]

■ *En lo referente a la situación en que el imputado de delito está presente en la determinación de causa probable para arresto* —tanto en el caso del delito menos grave, en que se exige la prestación de fianza como de delito grave— la revisión de la fianza monetaria, o de las condiciones no monetarias, originalmente impuestas *únicamente* puede llevarse a cabo al amparo de las disposiciones del mencionado *inciso (d)(1)* de la Regla 218 de Procedimiento Criminal. *La razón para ello es igualmente sencilla.* Habiendo estado *presente* el imputado de delito en ocasión del magistrado determinar causa probable para arresto, se parte de la premisa que dicho funcionario contó en ese momento con todos los elementos de juicio necesarios para fijar una fianza razonable. De no poder prestar la misma, el imputado será encarcelado inmediatamente, en cuyo caso su *único* remedio lo es, repetimos, el procedimiento establecido en la Regla 218 (d)(1) de Procedimiento Criminal, ante.

En el caso que ocupa nuestra atención, como hemos visto, se trata de la imputación de un *delito grave* en que el magistrado que determinó causa probable para arresto, *en ausencia del peticionario*, le fijó a éste una fianza de $160,000. El peticionario, al ser arrestado, fue conducido ante la presencia de un magistrado quien, no obstante te-

---

[8] La disposición contenida en el inciso (d)(1) de la Regla 218 de Procedimiento Criminal, ante, a los efectos de que la moción en revisión de la fianza originalmente impuesta tendrá que ser radicada en la Sala del Tribunal Superior correspondiente al distrito judicial *con competencia* para conocer de la causa fue incorporada a las Reglas de Procedimiento Criminal mediante la Ley Núm. 177 de 20 de julio de 1977. *Dicha Ley Núm. 177 adicionalmente estableció que el auto de hábeas corpus no podrá ser utilizado con el propósito de lograr una reducción en la cuantía de la fianza sin antes haberse agotado el procedimiento provisto bajo la citada Regla 218 de Procedimiento Criminal.*

ner facultad para revisar o modificar dicha fianza al amparo de lo dispuesto por la Regla 218(a) de Procedimiento Criminal, ante, mantuvo en efecto la fianza original de $160,000. Al no poder prestar dicha fianza, se ordenó el ingreso del peticionario en una institución penal.

Siendo ello así, y conforme a lo antes expresado, *el único procedimiento al alcance del peticionario para lograr una "revisión" de dicha fianza a nivel de instancia lo era el provisto en el inciso (d)(1) de la Regla 218 de Procedimiento Criminal, ante*. Esto es, el peticionario Morales Vázquez venía obligado a radicar una moción a esos efectos ante la *Sala* del Tribunal *Superior* "con *competencia* para conocer de la causa", cual era la *Sala de San Juan* del Tribunal Superior de Puerto Rico.([9]) Como hemos visto, así lo hizo Morales Vázquez.

Dentro de todo este andamiaje jurídico, algunos jueces de instancia, *desde hace mucho tiempo*, han venido optando por imponer y aceptar la prestación en efectivo de *un determinado por ciento* de la fianza original fijada. Hoy tenemos la oportunidad de expresarnos respecto a la juridicidad de tal proceder.

Un análisis de las Reglas de Procedimiento Criminal, pertinentes a la cuestión ante nuestra consideración, produce la impresión de que las mismas no contemplan o autorizan la práctica en controversia. Si bien ello es cierto, *no es menos correcto el hecho de que no existe una Regla que específicamente prohíba la referida práctica*. Somos del criterio que, si se interpretan las Reglas de Procedimiento Criminal pertinentes a tono con su texto, las actuaciones judiciales y los acontecimientos legislativos que durante los últimos años se han venido desarrollando al respecto, *nos percataremos de que existe base jurídica suficiente para sostener la referida facultad o práctica*.

---

([9]) Como se recordará, los hechos que se le imputan al peticionario alegadamente fueron cometidos por éste en San Juan, Puerto Rico.

## II

Conforme las disposiciones de las Reglas 220 y 222 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en nuestra jurisdicción existen tres formas o maneras de prestar una fianza en un procedimiento criminal. De acuerdo con la citada Regla 220, en lo pertinente, se puede prestar la fianza impuesta "bien por una *compañía* autorizada para prestar fianzas en Puerto Rico, bien por un *fiador* residente en Puerto Rico que posea bienes inmuebles en Puerto Rico no exentos de ejecución *por un valor igual al monto de la fianza*, luego de deducido el total de los gravámenes que pesen sobre dichos bienes ...". (Énfasis suplido.) La referida Regla 222, por su parte establece, en lo pertinente, que en "lugar de fiadores, el acusado *podrá depositar el importe de la fianza en efectivo*, y el *depósito* así hecho garantizará el cumplimiento de las condiciones expuestas en la Regla 219 y el pago de las costas y de cualquier multa que se impusiere". (Énfasis suplido.) En otras palabras, conforme los términos de las dos antes citadas disposiciones reglamentarias, un imputado de delito puede prestar fianza mediante la suscripción de una fianza por compañía de seguro, mediante la llamada fianza "hipotecaria", o depositando el importe o monto de la misma en efectivo. Resultan igualmente pertinentes a la cuestión en controversia las disposiciones de la *Regla 223* de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la cual establece que el "depósito podrá ser *sustituido* por una fianza y viceversa, *con la aprobación del tribunal*, siempre que no se hubiere violado alguna de las condiciones garantizadas". (Énfasis suplido.)

A pesar de que se puede inferir de una lectura de las citadas Reglas 220, 222 y 223 de Procedimiento Criminal, que en cualesquiera de las tres situaciones que contemplan las citadas disposiciones reglamentarias la fianza

a prestarse es por el monto total de la misma, *dichas Reglas no contienen una disposición expresa que así lo exija específicamente.* Ante esta "laguna" y la ausencia por años de actuación legislativa al efecto, los jueces de instancia han optado *por interpretar* que el *depósito* puede ser *menor* a la suma fijada inicialmente en la fianza. Véanse: Informe del Secretariado de la Conferencia Judicial sobre la Fianza de noviembre de 1979; Manual Propuesto para los Procedimientos de Fijación, Admisión y Confiscación de la Fianza por el Secretariado de la Conferencia Judicial de diciembre de 1979; Memorando Núm. 32, Año Fiscal 1981–1982, del Director Administrativo de los Tribunales.

No hay duda que la actuación judicial antes mencionada por parte de los tribunales de instancia tiene su razón de ser, *entre otras*, en los problemas que tradicionalmente ha causado la prestación de fianzas por parte de las compañías de seguro dedicadas a estos menesteres. Como es sabido, dichas compañías le cobran, por concepto de primas, a los imputados de delito precisamente un determinado por ciento del monto total de la fianza impuesta, prima que va a las arcas de dichas compañías. La práctica de la profesión en el campo penal nos enseña que luego, ante las incomparecencia de los imputados de delito, dichas compañías demuestran una gran indiferencia y displicencia para "producir" a éstos, actitud que tiene su razón de ser en la inexplicable inhabilidad que ha demostrado el Gobierno de Puerto Rico a través de los años en la ejecución y cobro de las fianzas confiscadas por los tribunales.

El problema, en nuestra opinión, se complica por razón de que la gran mayoría de las fianzas que se autorizan en nuestra jurisdicción precisamente son suscritas por estas compañías. Ello debido, principalmente, a que en la inmensa mayoría de las ocasiones los imputados de delitos proceden de núcleos familiares de escasos recursos económicos que, naturalmente, no cuentan con propiedades in-

muebles inscritas en el Registro de la Propiedad, las escrituras de las cuales son las que sirven de base para las llamadas "fianzas hipotecarias", como tampoco dichos acusados cuentan con cantidades sustanciales de dinero en efectivo para poder prestar la totalidad de la fianza fijada.

▆▆▆▆▆ Respecto a ello, debe mantenerse presente que un "derecho" que no se puede hacer valer *meramente* por razón de carecer su titular de recursos económicos para así hacerlo, en última instancia deja de ser un derecho. Ante la situación antes descrita, los jueces de instancia, *repetimos*, optaron por resolver esta problemática permitiendo la prestación en efectivo de un por ciento de la totalidad de la fianza impuesta. Dicha actuación judicial, incluso, ha sido endosada por la Oficina de Administración de los Tribunales.([10])

▆▆▆▆ Nos enfrentamos, en síntesis, a una *interpretación judicial* que ha desembocado en una *práctica generalizada* en nuestra jurisdicción, por parte de los funcionarios a quienes nuestro ordenamiento les ha confiado la solución de los problemas que diariamente surgen en la práctica de la profesión en el campo penal: los jueces de instancia. Somos del criterio que su actuación creativa e imaginativa a esos efectos, en adición a merecer gran deferencia, responde a, y es acorde con, uno de los propósitos que precisamente se perseguía al adoptarse las Reglas de Procedi-

---

([10]) La referida Oficina emitió un Memorando, de fecha 25 de noviembre de 1980, al respecto. En el mismo expresó:

"La Regla 223 autoriza la sustitución de una fianza garantizada con inmueble por un depósito de dinero, o viceversa.

"No hay una Regla de Procedimiento Criminal que autorice expresamente al magistrado a hacer valer el derecho del imputado a salir en libertad bajo fianza mediante el ofrecimiento de fianzas en la alternativa. Ninguna Regla expresamente autoriza la fijación de un por ciento de la fianza como parte del mecanismo en la sustitución de fianzas. Pero, tampoco hay Regla alguna que desautorice dichos mecanismos.

"*Queda dentro de la discreción judicial el requerir un por ciento de la suma total impuesta como fianza para admitir la sustitución de la misma por un depósito en efectivo.*" (Énfasis suplido.)

miento Criminal en el año de 1963, cual es lograr "la liberalidad y flexibilidad en los procedimientos ...". *Pueblo v. González*, 97 D.P.R. 541, 543 (1969). Véase R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e Interpretación de las Leyes en Puerto Rico*, 2da ed., San Juan, Pubs. J.T.S., 1987, págs. 246–247.

Por otro lado tenemos que las disposiciones relativas a la fianza fueron objeto, en fecha reciente, de *significativas* enmiendas. Véanse: Ley Núm. 39 de 5 de junio de 1986, Ley Núm. 55 de 1ro de julio de 1988 y Ley Núm. 30 de 20 de julio de 1989. El legislador, *no obstante conocer la interpretación judicial* de que, a través de muchos años, venía siendo objeto la citada Regla 223 de Procedimiento Criminal, *no enmendó la misma con el propósito de prohibir la práctica judicial aquí en controversia.*

 Procede señalar —por vía de analogía— que en *Pyramid Products v. Buscaglia, Tes.*, 64 D.P.R. 828, 845 (1945), este Tribunal —*citando con aprobación jurisprudencia del Tribunal Supremo de los Estados Unidos*— expresó que "cuando una ley ha recibido una interpretación administrativa, al reenactarse [sic] la ley posteriormente sin variar sustancialmente su redacción, *se entiende que la interpretación administrativa ha sido adoptada por el poder legislativo y adquiere fuerza de ley*". (Énfasis suplido.) Si bien es cierto que las Reglas de Procedimiento Criminal de 1963 no han sido suplantadas en su totalidad por un nuevo cuerpo de reglas, no es menos correcto que, como expresáramos anteriormente, las reglas relativas a la fianza fueron objeto de fundamentales enmiendas sin que el legislador prohibiera *la práctica judicial* ante nuestra consideración, la cual tiene que ser de su conocimiento. Al amparo de lo resuelto en *Pyramid Products v. Buscaglia, Tes.*, ante —y por analogía— la referida *práctica judicial* debe entenderse refrendada por la Asamblea Legislativa.

Véase, en adición, a esos efectos, *Puerto Rico Ilustrado v. Buscaglia, Tes.*, 64 D.P.R. 914, 937–938 (1945).([11])

 Por los fundamentos antes expuestos, resolvemos que la interpretación judicial que de la Regla 223 de Procedimiento Criminal, ante, han venido realizando los jueces de instancia durante los últimos años, a los efectos de que un imputado de delito puede obtener la libertad bajo fianza mediante el depósito en efectivo por un fiador de un determinado por ciento de la fianza originalmente fijada, *es una razonable y permisible en nuestro ordenamiento a la luz de las disposiciones de la referida Regla 223 de Procedimiento Criminal.*([12])

Por último, y hasta que la Asamblea Legislativa de Puerto Rico actúe afirmativamente respecto al asunto en controversia, entendemos procedente establecer que el por ciento que discrecionalmente podrán fijar los jueces de instancia en esta clase de situaciones *no podrá ser menor del 10%*. Dicho por ciento es el que tradicionalmente se ha

---

([11]) La referida norma de interpretación estatutaria establecida por el Tribunal Supremo federal, en la que se apoyaron las decisiones emitidas en *Pyramid Products v. Buscaglia, Tes.*, 64 D.P.R. 828 (1945), y en *Puerto Rico Ilustrado v. Buscaglia, Tes.*, 64 D.P.R. 914 (1945), ha sido ratificada en fecha relativamente reciente por ese Alto Foro.

En *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1985), el referido Tribunal señaló:

"It is well established that when Congress revisits a statute giving rise to a longstanding administrative interpretation without pertinent change, the 'congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress ...'."

Unos años antes, en *North Haven Board of Education v. Bell*, 456 U.S. 512, 535 (1982), el Supremo federal expresó:

"Where 'an agency's statutory construction has been "fully brought to the attention of the public and the Congress," and the latter has not sought to alter that interpretation although it has amended the statute in other respects, then presumably the legislative intent has been correctly discerned ...'."

Véanse, en adición: *Apex Hosiery Co. v. Leader*, 310 U.S. 469 (1940); *Zemel v. Rusk*, 381 U.S. 1, 11 (1965); *Dames & Moore v. Regan*, 453 U.S. 654, 682 esc. 10 (1981).

([12]) Debe mantenerse presente que bajo dicho procedimiento, la fianza *sigue siendo por la cantidad original señalada;* adviniendo responsable el fiador —ya sea éste el propio imputado como una tercera persona— por *la totalidad* de la fianza originalmente señalada en caso de que el imputado se evada de la jurisdicción, no pueda ser localizado y se proceda a la confiscación de dicha fianza.

aplicado en aquellas jurisdicciones donde se ha legislado específicamente sobre ello.([13])

## III

Somos del criterio que los hechos particulares y específicos del caso ante nuestra consideración justifican nuestra intervención con la resolución recurrida; que dejemos sin efecto la misma, y, conforme inclusive sugiere el Procurador General de Puerto Rico, devolvamos el caso al foro de instancia para que éste, a la luz de lo hoy resuelto, considere la posibilidad de ordenar la excarcelación del peticionario Morales Vázquez, previo la prestación por éste de un por ciento en efectivo, que no podrá ser menor del diez por ciento (10%), de la fianza originalmente fijada de $160,000, y/o la imposición de algunas de las condiciones no monetarias que provee la citada Regla 218(c) de Procedimiento Criminal. *Se dictará sentencia de conformidad.*

El Juez Asociado Señor Andréu García no intervino.

---

([13]) El referido por ciento ha sido establecido, entre otras, en las siguientes jurisdicciones: Indiana, Ind. Code Ann., Sec. 35-33-8-3 (Burns 1985); Pennsylvania, Pa., Stat. Ann. Tit. 42, Rule 4006(c); Rhode Island, R.I. Gen. Laws Sec. 12-13-10 (1981).