ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| IVÁN PIÑERO RIVERA<br><br>Recurrente<br><br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; CENTRO CORRECCIONAL PONCE 676<br><br>Recurridas | TA2025RE00010 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: B MI2025-0130<br><br>Sobre:<br><br>Hábeas Corpus |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 4 de noviembre de 2025.

En este caso la parte recurrente reclama mediante Auto de *Certiorari*, que persiste una privación de libertad ilegal, al alegar que el Tribunal de Primera Instancia, Sala de Aibonito (TPI), le concedió un Auto de *Hábeas Corpus*, mediante Sentencia del pasado 22 de octubre de 2025 pero en dicha Sentencia, le indica a la parte aquí recurrente, que uno de los requisitos para salir en libertad será, que esté sujeto a supervisión electrónica "LOCKDOWN" 24/7, en la residencia y bajo la custodia de la persona que determine el Programa Servicios con Antelación al Juicio.

De esa Sentencia de *Hábeas Corpus* del pasado 22 de octubre de 2025, surge que el aquí recurrente debía comparecer a una Vista el pasado 27 de octubre de 2025 a las 10:00 a.m., la que el aquí recurrente, por conducto de su abogado, nos indica

que se celebró e indica además que el Juez mantuvo la condición de tercer custodio para proceder a ordenar la excarcelación del recurrente. La parte recurrente indica que el TPI, durante la vista celebrada el pasado 27 de octubre de 2025, se negó a eliminar la condición de tercer custodio, al resolver y notificar mediante una Minuta sobre una vista pautada en los casos criminales, que mantenía las Condiciones. Lo cierto es que el TPI concedió el *hábeas corpus* por violación al término constitucional de detención preventiva desde el pasado 22 de octubre de 2025.

Ante ello, le ordenamos a la Oficina del Procurador General, a que no más tarde del pasado 3 de noviembre de 2025 a las 5:00 p.m., expusiera su posición en torno a este caso y lo impugnado por el recurrente en el mismo y así lo hizo. Según requerido a la parte recurrente, esta sometió la Moción que antes hemos hecho referencia y una anterior reiterando que el pasado 27 de octubre de 2025, se celebró una vista en el TPI, aunque ahora vemos que se atiende la solicitud de eliminar el tercer custodio, como reconsideración a la Sentencia que expide el Auto de *Hábeas Corpus* y dicha reconsideración es declarada No Ha Lugar por el TPI.

Transcurridos los eventos antes narrados, este caso se resuelve con la premura que amerita la petición y considerando este recurso como *Certiorari* contra una condición de tercer custodio impuesta en la Sentencia que expide el Auto de *Hábeas Corpus*, pero con ciertas condiciones, denegamos expedir el auto solicitado.

## I.

Alrededor del mes de febrero de 2025, se presentaron Denuncias contra el señor Iván Piñero Rivera, por alegadas violaciones a Ley de Armas y Ley de Sustancias Controladas. No

se han unido a los autos de este caso, de que ha sido acusado el recurrente, ni fechas específicas de cuando fue ingresado a prisión.

Sabemos que bajo el número BMI2025-0130 se presentó en el TPI, un Auto de *Hábeas Corpus*, como peticionario al Sr. Iván Piñero Rivera, aquí recurrente y como peticionados al Estado Libre Asociado de Puerto Rico y al Centro Correccional Ponce, 676.

Evaluado por el TPI la petición de *Hábeas Corpus*, se declaró Ha Lugar y ordenó "la excarcelación del acusado en el caso por los delitos de Inf. Art. 401 Ley 4 (2 casos), Art. 412 Ley 4, Art. 6.22 Ley 168 y Art. 6.12.B Ley 168, hechos cometidos el 1 de febrero de 2025, en Aibonito, Puerto Rico, por los que hoy lleva confinado en exceso del término de 180 días." En esa Sentencia dada en corte abierta el 22 de octubre de 2025, en Aibonito, Puerto Rico, además impuso las siguientes condiciones especiales:

1. Estará bajo la supervisión del Programa de Servicios con Antelación al Juicio (PSAJ).

2. Se le impone supervisión electrónica "LOCKDOWN" 24/7, en la residencia y bajo la custodia de la persona que determine el PSAJ.

3. No puede intervenir de ninguna forma con las partes o testigos de cargo en este proceso, esto incluye cualquier intervención directa o indirecta, utilizando terceras personas o cualquier mecanismo electrónico como teléfono, redes sociales, computadoras, internet, etc.

4. Deberá cumplir con el resto de las condiciones que le imponga el PSAJ como parte de la supervisión.

Una vez cumpla con las condiciones del PSAJ será excarcelado, si no hubiese otra causa legal, y entregado a un funcionario (PSAJ) debidamente identificado."

Este recurso se presenta por el sistema SUMAC TA, el pasado 28 de octubre de 2025 a las 3:34 pm y asignado a este panel el 29 de octubre de 2025. Del mismo solo surge una Minuta que une a estos autos, la parte recurrente en este Tribunal mediante Moción Informativa del 4 de noviembre de 2025, que se une y refleja lo acontecido en la vista celebrada el pasado 27 de octubre de 2025. Allí se refleja la Minuta/Orden que indica el recurrente que el TPI emitió el pasado 27 de octubre de 2025, bajo el epígrafe de los casos criminales en donde el aquí recurrente es acusado. No hay unido al recurso ante este Tribunal las acusaciones de la que es objeto el recurrente.

Procedemos a expresarnos a tenor con la norma que rige en la tramitación de recursos como el de autos.

## II.

## A.

El auto de *hábeas corpus,* consagrado en la Sección 13 del Artículo II de la Constitución del Gobierno de Puerto Rico y codificado en el Código de Enjuiciamiento Civil, 34 LPRA secs. 1741-1780, es un recurso de carácter extraordinario y de naturaleza civil, mediante el cual una persona que está privada de su libertad, solicita a la autoridad judicial competente que investigue la causa de su detención. Art. 469 (a), Código Enjuiciamiento Criminal, 34 LPRA sec. 1741 (a); *Pueblo v. Díaz, Rivera*, 204 DPR 472 (2020); *Quiles v. Del Valle,* 167 DPR 458 (2006); *Ramos Rosa v. Maldonado Vázquez,* 123 DPR 885 (1989).

El Artículo 4.006 (d) de la Ley Núm. 201-2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 LPRA Sec. 24 y (d), (Ley de la Judicatura), autoriza a este Tribunal a expedir autos de *hábeas corpus* y de mandamus en primera instancia.

Conforme dispone la doctrina interpretativa aplicable, su uso se limita a aquellas circunstancias que realmente son meritorias, por lo que, como norma, no está disponible cuando otros remedios de ley puedan atender la disposición del asunto en el que se fundamenta y sirva para impugnar la detención de que trate. En este contexto, el Artículo 469 del Código de Enjuiciamiento Criminal, dispone:

a) Cualquier persona que sea encarcelada o ilegalmente privada de su libertad puede solicitar un auto de hábeas corpus a fin de que se investigue la causa de dicha privación.

b) Ningún juez vendrá obligado a considerar una solicitud de hábeas corpus para investigar la validez de la detención de una persona recluida en virtud de una sentencia dictada por cualquier Sala del Tribunal de Primera Instancia, si aparece que la legalidad de dicha detención ha sido ya determinada por cualquier juez del Tribunal de Primera Instancia con motivo de una solicitud de hábeas corpus anterior, y la nueva solicitud no aduce ningún fundamento que no haya sido presentado y adjudicado anteriormente, y el juez o tribunal está convencido de que la expedición del auto no servirá los fines de la justicia.

c) Ningún juez considerará una solicitud de hábeas corpus presentada por un confinado recluido en virtud de sentencia final que no haya agotado el remedio provisto en la Regla 192.1 de Procedimiento Criminal, Ap. II de este título. Cuando habiéndolo solicitado le hubiese sido denegado, el tribunal no considerara una solicitud de hábeas corpus a menos que aparezca que el remedio provisto por dicha regla era inadecuado o inefectivo para impugnar la validez de la detención.

34 LPRA se. 1741.

En la determinación sobre la existencia, o no, de alguna circunstancia de excepción que amerite la expedición de un auto de un *hábeas corpus,* el tribunal competente deberá evaluar si existe algún remedio en alzada que pueda proveer para revisar el

error alegado y así evitar la continuación de la detención ilegal invocada. Sin embargo, deberá examinar, por igual, si de las alegaciones de la petición pertinente surge que: 1) ha habido una patente violación a algún derecho constitucional fundamental; 2) no ha habido una renuncia válida respecto a ese derecho y; 3) la necesidad de una vista evidenciaria. *Quiles v. Del Valle,* supra; *Otero Fernández v. Alguacil,* 116 DPR 733 (1985). Siendo así, "la encuesta que sobre la legalidad de la prisión o detención lleva a cabo el juez en la vista *hábeas corpus* se circunscribe a asegurarse de que se han seguido y observados trámites procesales correctos, ajustados al debido proceso de ley." *Quiles v. Del Valle,* supra, a la pág. 467, citando a *Otero Fernández v. Alguacil,* supra, a las págs. 739-740.

Por su parte, respecto a los criterios de forma que validan la oponibilidad de una solicitud de *hábeas corpus*, el Artículo 470 del Código de Enjuiciamiento Criminal dispone como sigue:

> La solicitud del auto se hará a petición firmada por la persona a cuyo favor se hace o por otra a nombre de aquélla, y especificará lo siguiente:
>
> > (1) Que la persona a cuyo favor se solicita el auto está encarcelada y privada de su libertad, el funcionario o persona que le privó de la libertad, y el sitio o lugar en donde se encuentra, describiendo las partes, si son conocidas o desconocidas.
> >
> > (2) Si se alega que la encarcelación es ilegal, la solicitud ha de contener también las razones en que se funde la pretendida ilegalidad.
> >
> > (3) La solicitud ha de ser jurada por la persona que la haga.

34 LPRA. sec. 1742.

**B.**

El derecho a fianza tiene su base en la Sección 11 del Artículo II de la Constitución de Puerto Rico, la cual dispone que

todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio y que las fianzas impuestas no serán excesivas. Las Reglas de Procedimiento Criminal, por su parte, específicamente las Reglas 6.1, 218 y 228, detallan la forma en que se impondrá y aceptará la fianza en los tribunales de Puerto Rico. *Pueblo v. José Morales Vázquez*, 129 DPR 379 (1991).

En cuanto a la controversia ante nuestra consideración, examinaremos las Reglas 218 y 228 de las de Procedimiento Criminal. La Regla 218 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 218, dispone, en lo pertinente, de la siguiente manera:

(a)…

(b)…

(c) Imposición de condiciones. — Sujeto a lo dispuesto en la Regla 6.1(a), (b) y (c) podrán imponerse una o más de las siguientes condiciones:

(1) Quedar bajo la responsabilidad de otra persona de reconocida buena reputación en la comunidad, o bajo la supervisión de un oficial probatorio u otro funcionario que designe el tribunal. El tribunal determinará el grado y manera en que se ejercerá la supervisión y la persona que actúe como custodio vendrá obligada a supervisarle, producirle en corte e informar de cualquier violación a las condiciones impuestas.

(2) No cometer delito alguno durante el período en que se encuentre en libertad ni relacionarse con personas que planifiquen, intenten cometer o cometan actos delictivos.

(3) Conservar el empleo o, de estar desempleado, hacer gestiones para obtenerlo.

(4) Cumplir con determinados requerimientos relacionados a su lugar de vivienda o la realización de viajes.

(5) Evitar todo contacto con la alegada víctima del crimen o con testigos potenciales.

(6) No poseer armas de fuego o cualquier otra arma mortífera.

(7) No consumir bebidas alcohólicas o drogas narcóticas o cualquier otra sustancia controlada.

(8) Someterse a tratamiento médico o siquiátrico, incluyendo tratamiento para evitar la dependencia a drogas o bebidas alcohólicas.

(9) No abandonar su lugar de residencia, vivienda o vecindad en determinados días y horas para preservar su seguridad o la de otros ciudadanos.

(10) Entregar al magistrado u otra persona que este designe el pasaporte o cualquier otro documento que acredite la residencia o ciudadanía del imputado.

(11) Cuando en la comisión del delito se hubiere utilizado un vehículo alquilado a una empresa acreditada, el magistrado le deberá ordenar al imputado que deposite una garantía legal suficiente a favor del Estado Libre Asociado de Puerto Rico para cubrir el monto del valor de la tasación del vehículo para la eventualidad de que proceda la confiscación. En los casos en que proceda la confiscación del vehículo, el producto de la garantía será depositado en el fondo especial administrado por la Junta de Confiscaciones según establecido en las secs. 1723 a 1723o de este título.

(12) Cumplir con cualquier otra condición razonable que imponga el tribunal.

A su vez, la Regla 228 de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 228, dictamina:

> Se ordenará **el arresto del imputado** a quien se han impuesto condiciones o que ha prestado fianza o hecho depósito **en los siguientes casos**:
>
> (a)  **Cuando se ha violado cualquiera de las condiciones impuestas o de las condiciones de la fianza o depósito**;
>
> (b)  Cuando los fiadores, o cualquiera de ellos, hayan muerto, o carezcan de responsabilidad suficiente, o dejen de residir en Puerto Rico;
>
> (c)  Cuando se hayan impuesto condiciones adicionales o se haya aumentado la cuantía de la fianza; y
>
> (d)  Cuando se deje sin efecto la orden permitiendo libertad bajo condiciones o fianza en apelación ante el Tribunal Supremo.
>
> De configurarse el escenario contemplado en **el inciso (a)** o en el inciso (c), **el tribunal ordenará inmediatamente el arresto del imputado, revocará definitivamente la fianza y ordenará su encarcelamiento hasta que se emita el fallo correspondiente**, sujeto a los términos de juicio rápido, **si la condición que se incumple es** cualquiera de las contempladas en las **cláusulas (2), (5)** y (6) **del inciso (c) de la Regla 218 o** la condición de permanecer bajo supervisión electrónica de la Oficina de Servicios con Antelación al Juicio. Estos incumplimientos darán lugar a las consecuencias señaladas cuando quien los comete sea un imputado de **cualquiera de las siguientes conductas delictivas**:
> (1) Asesinato en todas sus modalidades.
> (2) Robo de vehículo de motor a mano armada.
> (3) Robo agravado.

(4) Secuestro agravado y secuestro de menores.

(5) Agresión sexual.

(6) Violación a la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como "Ley para la Prevención e Intervención con la Violencia Doméstica" **que implique grave daño corporal**.

En las situaciones antes indicadas, una vez el tribunal ordena el arresto y éste es diligenciado, la persona permanecerá detenida hasta que se celebre una vista en la cual se determinará si las condiciones de la fianza fueron violentadas. La vista deberá celebrarse en un periodo de cuarenta y ocho (48) horas; este término podrá extenderse a solicitud de la defensa.

Si la orden decretando el arresto se dictare en condiciones que el acusado tuviere que someterse a nuevas condiciones o tuviere derecho a prestar nueva fianza bajo estas reglas, se fijarán en la orden las nuevas condiciones o el importe de la nueva fianza, en su caso. La orden expresará los fundamentos para el arresto; dispondrá que lo verifique cualquier alguacil, policía u otro funcionario de autoridad a quien hubiere correspondido su custodia de no haberse impuesto condiciones o de haberse prestado fianza originalmente, hasta tanto fuere legalmente excarcelado.

La Asamblea Legislativa, aprobó la Ley núm. 123-2012 para enmendar las reglas antes citadas, y manifestó al inicio de su redacción lo siguiente:

> "…para enmendar las Reglas 218 y 228 de las de Procedimiento Criminal de 1963, según enmendada, para disponer que, en caso de incumplimiento con ciertas condiciones de la fianza impuesta, **y cuando se imputen los delitos especificados**, el Tribunal ordenará el arresto del imputado, revocará la fianza y ordenará su encarcelamiento hasta que se emita el fallo correspondiente, sujeto a los términos de juicio rápido; para establecer las condiciones que se impondrán y para otros fines relacionados." [Énfasis nuestro].

Además, en la *Exposición De Motivos* del referido estatuto se expresó:

> …
> Esta Asamblea Legislativa -en el ejercicio legítimo que ostenta de aprobar leyes en protección de la vida, la salud y el bienestar del pueblo- entiende que un imputado de delito que representa un claro peligro para la sociedad, **renuncia a su derecho a la libertad bajo fianza cuando menosprecia la**

**autoridad del Tribunal al incumplir con las condiciones impuestas** para permanecer en libertad provisional antes de un fallo condenatorio. Con esta pieza legislativa colocamos un peldaño adicional en la lucha contra el crimen, **al evitar que imputados de delitos serios que violentan las condiciones impuestas para permanecer en libertad, puedan continuar por más tiempo amenazando la seguridad y tranquilidad de la ciudadanía**. [Énfasis nuestro].

Este Regla 228 dispone, que una vez se ordene el arresto de un acusado al que se le imputa violar las condiciones de libertad bajo fianza y éste haya sido diligenciado, se deberá celebrar una vista en la que se determinará si las condiciones impuestas al imputado, en su primera denuncia, fueron violentadas por este.

**C.**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorado et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. *Torres González v. Zaragoza Meléndez*, *supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. *Torres Martínez*

*v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). La referida regla

dispone lo siguiente:

> El tribunal tomara en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XX-B, R. 40;
> *BPPR v. Gómez-López*, *supra*, pág. 337.

Como regla general, los foros apelativos no intervendrán en

la discreción de los foros primarios a no ser que las decisiones

emitidas resulten arbitrarias o en un abuso de su discreción. *BPPR*

*v. SLG Gómez-López*, *supra*, pág. 334; *VS PR, LLC v. Drift-Wind*,

207 DPR 253, 273 (2021). El adecuado ejercicio de discreción

judicial está estrechamente relacionado con el concepto de

razonabilidad. *BPPR v. SLG Gómez-López*, *supra*, pág. 335; *SLG*

*Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013);

*Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**D.**

Tanto la Constitución de Puerto Rico como la Constitución de Estados Unidos disponen de manera categórica que "ninguna persona podrá ser privada de su libertad o propiedad sin el debido proceso de ley". Artículo II, Sección 7, Const. ELA [Const. PR], LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. En el ámbito judicial y cuasi judicial, el debido proceso de ley se manifiesta en dos dimensiones: la procesal y la sustantiva. *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012); *Domínguez Castro et al. v. ELA I*, 178 DPR 1, 35 (2010). Para propósitos de nuestro análisis, únicamente es relevante el debido proceso de ley en su vertiente procesal.

De manera abarcadora, "el debido proceso de ley se refiere al 'derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo'". *Aut. Puertos v. HEO*, *supra*, pág. 428 (citando a *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995)). En su vertiente procesal, el debido proceso de ley "requiere que, de verse afectado algún derecho de propiedad o libertad de un ciudadano, este tendrá acceso a un proceso que se adherirá a los principios de justicia e imparcialidad". *Íd*. De manera jurisprudencial y estatutaria, se ha reconocido que las garantías mínimas del debido proceso de ley exigen lo siguiente: (1) una notificación oportuna; (2) la presentación de evidencia; (3) una adjudicación justa e imparcial; y, (4) que esa adjudicación se base en el expediente del caso. *Vendrell López v. AEE*, 199 DPR 352, 359-360 (2017) (Sentencia); *Báez Díaz v. E.L.A.*, 179 DPR 605, 624 (2010); *Álamo Romero v. Adm. De Corrección*, 175 DPR 314, 329 (2009).

**III.**

La comparecencia ante nos mediante este recurso de epígrafe, expone que el recurrente está recluido en una institución correccional pues se le privó de su libertad, luego de ser acusado e imponerle una fianza que este no prestó. Luego de estar privado de su libertad por más de 180 días sin haber comenzado el juicio por los delitos que se le imputan y dicho acusado solicitó un auto de *hábeas corpus* y el TPI, le concedió el mismo, pero en esa sentencia del Auto de *Hábeas Corpus* le impone una condición de tercer custodio seleccionado por PSAJ y el acusado, aquí recurrente, considera esa condición onerosa.

Este Tribunal de Apelaciones no se ha puesto en condiciones que nos permita considerar esa condición de tercer custodio onerosa. Ni siquiera se trajo por el recurrente en el Recurso que aquí atendemos las denuncias por los delitos que le han encontrado causa probable para acusarlo y por ello fue arrestado y se le impuso una fianza.

Del recurso ante nuestra consideración, no se desprende información clave con relación al procedimiento criminal que se sigue contra el acusado aquí recurrente. Para poder estar en condiciones de expedir el auto solicitado, este Tribunal necesitaba información indispensable para poder evaluar la condición de tercer custodio impuesta. No contamos con información alguna sobre lo sucedido en las vistas celebradas para discutir el asunto de esa condición especial que aquí se pretende revisar. Repetimos que ni siquiera incluyó con este recurso las denuncias, ni las acusaciones. Tampoco se ha solicitado la elevación del Informe de PSAJ para reconocer la recomendación de dicho programa con relación a las condiciones para estar en libertad y la persona sugerida para convertirse en tercer custodio.

Ante ello, en este recurso no se cumplen las condiciones de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, antes evaluado, las que son requeridas para poder expedir el auto solicitado conforme surge de dicha Regla 40, *supra*.

## IV.

Por los fundamentos antes expuestos, se niega la expedición del Auto de *Certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones